UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDITH SHOPF                              CIVIL ACTION

VERSUS                                    NO: 17-10958

LARRY GRIGGERS, ET AL.                    SECTION: "A" (2)

## ORDER AND REASONS

The following motions are before the Court: **Rule 59 Motion to Amend or Alter Judgment and/or for Reconsideration or New Trial (Rec. Doc. 30)** filed by plaintiff Judith Shopf; **Motion for Leave to Amend Complaint (Rec. Doc. 38)** filed by plaintiff Judith Shopf. Defendants Ruth's Hospitality Group, Inc., Ruth's Chris Steak House Franchise, LLC. (collectively "the Ruth's Defendants"), Larry Griggers, RC Management Holdings, LLC, Ryan Rans, Kristy Rans, Griggers Family, LP, Susan Sapp, Peggy Baltz, Kelly Griggers, and Stephany Griggers (at times collectively "the Griggers Defendants") oppose both motions. The motions, noticed for submission on February 21, 2018 and March 14, 2018, are before the Court on the briefs without oral argument.[1]

For the reasons that follow, both motions are DENIED.

**I.**

Plaintiff seeks reconsideration of two dispositive rulings that the Court entered on January 4, 2018 (Rec. Docs. 27, 28). That same day the Court entered a final judgment in

---

[1] Plaintiff has filed a request for oral argument but the Court is persuaded that argument beyond what is contained in the memoranda would not be helpful.
    As filed, the Motion for Leave to Amend was noticed for submission before the assigned magistrate judge. But given that this motion is related to Plaintiff's Rule 59 Motion to Amend or Alter Judgment and/or for Reconsideration or New Trial, and given that leave to amend cannot be granted by the magistrate judge in the absence of Rule 59 relief by the district judge, the Court vacated the referral to take up the motion for leave to amend in conjunction with its disposition of Plaintiff's Rule 59 motion. (Rec. Doc. 41, Order of 3/7/18 vacating referral).

favor of all defendants. (Rec. Doc. 29). The rulings derived from separate motions to dismiss filed by the Griggers Defendants and the Ruth's Defendants. In one ruling, the Court dismissed all claims against the Griggers Defendants without prejudice due to lack of personal jurisdiction. (Rec. Doc. 27). In the other ruling, the Court dismissed all claims against the Ruth's Defendants with prejudice for failure to state a claim. (Rec. Doc. 28).

The Rule 59 motion was filed on February 1, 2018, and is therefore timely. *See* Fed. R. Civ. Pro. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

The Motion for Leave to Amend was filed on February 22, 2018, which was two days after Plaintiff sought leave to file a reply in support of her Rule 59 motion, ten days after all defendants had filed their oppositions to the Rule 59 motion, fifty days after the entry of a final judgment, and nearly four months after the first motion to dismiss was filed.[2]

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002)). Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.* (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989)). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.* (citing *Clancy v. Emp. Health Ins. Co.,* 101 F. Supp. 2d 463, 465 (E.D. La.2000) (Clement, J.)).

---

[2] The Griggers Defendants filed their motion to dismiss on October 31, 2017, and the Ruth's Defendants filed their motion to dismiss on November 13, 2017. (Rec. Docs. 7 & 14).

While Federal Rule of Civil Procedure 15(a) endows a district court with "virtually unlimited discretion" to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (quoting 6 Wright, Miller, & Kane, Federal Practice and Procedure § 1489 (2d ed. 1990 & Supp.1999)). Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under either Rule 59 or 60. *Id.* Denial of leave to amend a complaint after judgment is appropriate "where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling," or "when the moving party had an opportunity to assert the amendment during trial but waited until after judgment before requesting leave." *Id.* (quoting *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir. 1995); Wright, et al., § 1489).

## II.

Plaintiff asserts that the Court's ruling that the Griggers Defendants are not subject to personal jurisdiction in Louisiana is based on a manifestly erroneous application of the rules governing specific personal jurisdiction. Plaintiff argues that the Court's analysis fails to properly apply the effects test of *Calder v. Jones*, 465 U.S. 783 (1984), fails to recognize that a single act can support personal jurisdiction, *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999), and relies too heavily on *Walden v. Fiore*, 134 S. Ct. 1115 (2014).

By way of background, this action arose out of the sale of shares in four companies that franchise Ruth's Chris Steakhouse Restaurants in Missouri (one restaurant) and Indiana (three restaurants). Plaintiff is a passive investor in the businesses. The four contracts that govern the ownership interests in the restaurant companies each include two sections that govern should a shareholder wish to sell any of his shares. First, the shareholder must deliver written notice of the proposed sale to the other shareholders and the notice must specify *inter alia* the consideration per share that the buyer is offering. (Rec.

Doc. 1-1 at 16 (ex.: Palomar Indy § 1.3)). Then, the contracts provide the existing shareholders a first option right to purchase the shares for the same consideration/terms/conditions specified in the notice. (Rec. Doc. 1-1 at 16 (ex.: Palomar Indy § 1.4)).

Plaintiff alleges that the Griggers Defendants acted in concert to defeat her contractual right of first refusal by lying to her about the price that Ryan Rans was willing to pay to purchase the shares thereby pricing the shares out of her financial reach. Plaintiff claims that Defendants' conduct gives rise to claims for breach of contract, breach of fiduciary duty, misrepresentation, and fraud.

Every argument that Plaintiff made in her opposition to the Griggers Defendants' motion to dismiss based on personal jurisdiction was foreclosed by well-established precedent and need not be revisited. Plaintiff never cited much less discussed *Calder, Wien Air*, or *Guidry v. United States Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999), but now relies on those cases to attach new jurisdictional significance to the contractually-required written notice that Griggers mailed to Plaintiff in Louisiana pursuant to § 1.3 of each contract. Plaintiff argues that the notices that Griggers sent to Plaintiff's home in Louisiana were tortious because they contained fraudulent information, *i.e.*, the "invented" price that the buyer was willing to pay for the shares being sold.

Ignoring that Plaintiff offers no credible justification for her failure to raise this argument when opposing the Griggers Defendants' motion to dismiss,[3] it remains that every

---

[3] In her Reply Plaintiff attempts to excuse her failure to raise her new theory of jurisdiction by suggesting that it was Defendants' framing of the issues in their motion to dismiss which led her to focus on issues other than tort personal jurisdiction (Rec. Doc. 37, Reply at 2). To the contrary, the Griggers Defendants challenged personal jurisdiction and made clear their position that there was no legitimate basis for this Court to exercise jurisdiction over them related to this lawsuit. It strains credulity to think that Plaintiff thought it unnecessary at the time to raise the argument that the notices themselves constituted tortious conduct per *Wien Air* that occurred in Louisiana.

alleged act of collusion, self-dealing, fraud, breach of contract, breach of fiduciary duty—in other words, every act tortious or otherwise that caused injury to Plaintiff and gave rise to her claims—occurred outside of Louisiana. Contrary to Plaintiff's belief, her causes of action did not come into existence when the notices were mailed to Louisiana even though she may very well have learned of her causes of action when she received the notices. The notices themselves do not form the basis of her tort claims in this case even if they did contain a false sales price.[4]

Because Plaintiff's tort claims are based on conduct that occurred completely outside of Louisiana, her reliance on *Calder*, *Wien Air*, and *Guidry* is misplaced. These cases do not stand for the proposition that intentional tortious conduct performed outside of the forum equals jurisdiction in the forum when the injury is experienced by a resident of the forum. *See Sangha v. Navig8 Shipmgt. Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018). In fact, this is precisely what the Supreme Court clarified in *Walden v. Fiore*. The holdings of those case are far more nuanced and demonstrate that the jurisdictional hook attaches when the communication of false information into the forum itself causes injury to the plaintiff in the forum. In such a situation, some part of the tortious conduct upon which the tort cause of action is based has occurred in the forum even though the tortfeasor was not physically present in the forum when he launched his tortious communications. To be sure, Plaintiff

---

[4] Plaintiff's briefing also ignores that personal jurisdiction is a claim specific inquiry and that tort claims are subject to a different analysis than breach of contract claims. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018). Issues with the notice may or may not be actionable as part of her breach of contract claim but exercising personal jurisdiction over the Griggers Defendants for the breach of contract claim is foreclosed by precedent. *Calder, Wien Air*, and *Guidry* were all tort cases so even if their principles applied to some of Plaintiff's claims, in the absence of general personal jurisdiction—which is not implicated in this case—the Court would still be without jurisdiction as to the other claims. In other words, personal jurisdiction does not recognize "supplemental" jurisdiction.

was injured in Louisiana but she was not injured by the notice(s) that communicated false information. The notice was not the cause of her injuries and the torts that she alleges did not come into being in Louisiana when she received the notice(s). Plaintiff is not similarly situated to the plaintiffs in *Calder*, *Wien Air*, and *Guidry* whose tort injuries arose out of the communication itself that was transmitted to their forum.

The mailing of the notice for each contract is the sole instance of case-related contact that Plaintiff has identified between the Griggers Defendants and this state. Plaintiff's contention that there are multiple directed acts in this case that support jurisdiction is factually unsupported. (Rec. Doc. 30-1, Memo at 9). None of the business activities at issue occurred in this state and none of the conduct that supports Plaintiff's claims occurred in this state. The notices did not create a substantial connection with Louisiana so as to subject the Defendants to the jurisdiction of a Louisiana court for committing a tort in this state. Plaintiff cannot establish a prima facie case of personal jurisdiction as to the Griggers Defendants. Plaintiff's attempt to amend her complaint is not only unforgivably late[5] but also futile.

For the foregoing reasons, both the Rule 59 motion and the motion to amend as to the Griggers Defendants are denied.

### III.

Plaintiff asserts that the Court's ruling that the Ruth's Defendants are not liable under any legal theory is manifestly erroneous because valid tort actions against them exist under Louisiana law. Plaintiff points out that Indiana and Florida law may apply and this judgment in this case would foreclose those claims. Plaintiff argues that if the original petition did not

---

[5] The filing of the motion to amend on February 22, 2018, was the first time that Plaintiff sought leave to amend as to the Griggers Defendants. Meanwhile, the Griggers Defendants' motion to dismiss based on personal jurisdiction was filed on October 31, 2017.

have sufficient factual allegations to establish her right to recovery, she should have been granted leave to amend her complaint in order to properly allege these claims.

In her opposition to the Ruth's Defendants' motion to dismiss, Plaintiff argued repeatedly that she had alleged sufficient detail to support her claims. The Motion for Leave to Amend was filed on February 22, 2018, which was two days after Plaintiff sought leave to file a reply in support of her Rule 59 motion, ten days after all defendants had filed their oppositions to the Rule 59 motion, fifty days after the entry of a final judgment, and nearly four months after the first motion to dismiss was filed. Plaintiff's "bare bones" reference in a footnote regarding her desire to amend should the Court find the factual detail to be lacking was insufficient to preserve her right to amend. *See Edionwe v. Bailey*, 860 F.3d 287 (5th Cir. 2017). Again, throughout her opposition Plaintiff vehemently defended the sufficiency of her allegations and at no time apprised the Court of the additional facts that she would have pleaded in an amended complaint even though she had ample opportunity to do so. The motion for leave to amend is therefore denied.

Relief under Rule 59 is also denied. Reasonably believing that Plaintiff's claims purported to arise under Louisiana law, the Ruth's Defendants filed a comprehensive Rule 12(b)(6) motion to dismiss that was extensively briefed under Louisiana law. (Rec. Doc. 14-1, Memo in Support). Responding to that motion, Plaintiff's opposition unequivocally and expressly confirmed that her claims were based on Louisiana law. (Rec. Doc. 22 at 1-2) ("Defendants fail to perceive that the claims against them are for negligence under Louisiana Civil Code article 2315 and conspiracy under Louisiana Civil Code article 2324."). If Plaintiff believed that she had a legal basis to assert claims under another state's laws then she should have raised that in December of last year when she filed her opposition to

the motion to dismiss. At the very least, the issue should have been raised prior to entry of a final judgment.[6]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Rule 59 Motion to Amend or Alter Judgment and/or for Reconsideration or New Trial (Rec. Doc. 30)** and **Motion for Leave to Amend Complaint (Rec. Doc. 38)** filed by plaintiff Judith Shopf are **DENIED**.

March 23, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6] The Ruth's Defendants motion to dismiss was submitted for consideration on December 13, 2017, but the Court did not issue its ruling until January 4, 2018. At no time did Plaintiff even allude to a choice of law issue.